No. 1965.—ROBERT L. YOUNG *v.* SHIP PRINCESS ROYAL et al.

The State courts are without jurisdiction to enforce a privilege given by law on vessels for the recovery of damages for a maritime tort. In such cases an admiralty lien is created which can only be enforced in the courts of the United States. 4 Wallace, 424, 561.

A claim for damages *ex delicto* can not be enforced by attachment 12 An. 110.

In an action for damages against a vessel for a collision, no judgment can be rendered against her if the evidence shows that she was not in fault, and that she was, at the time of the collision, under the control of a tugboat.

APPEAL from Fourth District Court, parish of Orleans. *Théard,* J. *Randolph, Singleton & Browne,* for plaintiff and appellant. *Race, Foster & E. T. Merrick,* for defendants and appellees. *Hornor & Benedict,* for warrantors, appellees.

LUDELING, C. J. The plaintiff complains that, by a collision in the port of New Orleans, his flatboat and a cargo of flour were damaged by the fault of those in charge of the ship Princess Royal, to the extent of $1332 18. He alleges that he has a privilege on the ship to secure the payment of the damages; that her owners are non-residents and unknown to plaintiff, and he prays for an attachment against the vessel and for judgment against the master and owners for the sum above stated, with interest and costs, and with privilege on the ship Princess Royal, her tackle, etc. The usual affidavit and bond for attachment were made, and a writ of attachment issued.

The defendants appeared, and for answer filed a general denial; they called the master and owners of the tugboat Tuscarora in

warranty, alleging that they had the ship Princess Royal in tow, and that they were responsible for any damages done to the plaintiff, etc. They alleged that the master and owners of the Tuscarora are non-residents; they allege that under the law of the State they have a privilege on the ship, and pray for an attachment, etc.

The warrantors excepted, on the grounds following: That the court "was without jurisdiction over the matter and things involved in" the suit; that no law authorized the call in warranty; that no cause of action is stated against the warrantors.

Subsequently they filed a rule to quash the attachment for the reasons following: That the court is without jurisdiction; that no law of the State accords to the defendant a right to a writ of attachment; that the affidavit is insufficient; that the damages claimed are not due, and that the bond is not good. The exceptions and rule were dismissed, and the warrantors filed for their answer a general denial.

Later in these proceedings the defendants and warrantors filed an exception to the jurisdiction of the court, on the ground that the case was within the exclusive admiralty and maritime jurisdiction of the United States courts.

This exception was sustained, and the suit was dismissed, and the plaintiff has appealed.

If this action be considered as a proceeding *in rem* for the enforcement of a privilege given by law (Revised Statutes of 1855, p. 538, sec. 9) on the vessel, for the recovery of damages for a tort, the State courts are without jurisdiction. The case would be one of maritime tort, creating an admiralty lien, which can be enforced against the ship only by the courts of the United States. 4 Wallace, 424, 561.

If the suit be regarded as an attachment, whereby the absent defendants are brought into court through their property, the suit can not be maintained, for, under the settled jurisprudence of this State, attachment suits can not be maintained on a claim for damages arising *ex delicto.* 2 An. 943; 3 An. 436; 12 An. 110.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs of appeal.

---

·ON APPLICATION FOR REHEARING.

LUDELING, C. J. We should have stated that no judgment could be rendered against the defendants because they were not in fault, their ship, the Princess Royal, being, at the time of the collision, under the control of the tugboat Tuscarora. See 20 An. 495, Sanford *v.* Clapp.

Rehearing refused.